OLIVENE MORRISSETTE, Admrx.,

*vs.*

GRAND TRUNK RAILROAD COMPANY.

Androscoggin County.  Decided October 22, 1918.  This case comes up on motion and exceptions.  As the motion is decisive of the case the exceptions need not be considered.

The plaintiff's intestate was a brakeman on the Grand Trunk Railroad.  On the first day of May, 1917, he received injuries while coupling cars to the tender of an engine from which shortly after he died.  The case was tried and a verdict rendered for the plaintiff.  The only question upon the motion is, whether there was any evidence upon which the verdict can be sustained.  We are unable to find any.  Nor, in view of the undisputed evidence as to where the decedent was found after the accident, are we able to form a satisfactory conjecture as to how the accident happened.

The car was coupled to the tender.  The pin was in the coupling.  He was sitting astride the coupling on top the pin, with one leg, between the hip and knee, jammed between the jaws of the bumpers, and the other leg on the other side of the coupling.  The way he was caught shows he could not have been standing on the ground and guiding the apparatus for making the coupling.  The undisputed evidence also shows this to be the fact.  The engineer says he went between the cars to adjust the coupling, stepped back, gave him the signal to back up, and he did back the engine to the car, and the coupling caught.  The engineer further said that Morrissette had completed his duties for coupling when he signalled to back up, and had no occasion to go between the tender and the car after he had given the signal.  The plaintiff furnishes no evidence as to how the accident occurred.  She claims that the inference may be properly drawn that the decedent went in between the tender and the car to further adjust the coupling, but we are unable to see how either the way Morrissette was caught or the evidence, has any tendency to warrant the inference.  So far as the evidence goes the negligence of the defendant has not been shown to have contributed to the accident and injury for which the plaintiff seeks to recover.  Motion sustained.  New trial granted.  *McGillicuddy & Morey*, for plaintiff.  *H. P. Sweetser, and Dana S. Williams*, for defendant.